EX PARTE MICAELA DEL MORAL DE DOMÍNGUEZ ET AL. MARÍA DEL CARMEN DEL MORAL, ETC., Respondent and Appellant.

No. 5721. Argued June 8, 1931.—Decided June 19, 1931.

*Alfredo Arnaldo* for appellant.  *José Sabater, in pro. per.*

Mʀ. Jᴜꜱᴛɪᴄᴇ Tᴇxɪᴅᴏʀ delivered the opinion of the Court.

In a proceeding, case No. 14400 of the District Court of Mayagüez, *Ex parte Micaela del Moral de Domínguez,* attorney José Sabater filed a motion to assess the amount of his fees for services rendered to Carmen Nadal y Freyre del Moral, incapacitated. The latter was under the guardianship of Francisco del Moral and subsequently of María del Carmen del Moral, who objected to the payment of any fees to said attorney on the ground that the appointment of Francisco del Moral had been void and there was no proper basis for any of the judicial proceedings or steps taken at his instance.

After hearing the parties, the court made an order fixing at four thousand dollars the fees of attorney Sabater, to be paid by the respondent. The guardian appealed from this order.

The appellee, Mr. Sabater, has filed a motion to dismiss the appeal.

The first ground of the motion is that no notice of the appeal had been served on the district attorney, claimed to be a necessary party.

In our opinion the appellee is wrong. According to the Civil Code of Puerto Rico, a declaration of incapacity regarding insane or demented persons or deaf-mutes may be obtained upon the petition of such of the relatives of the alleged incapacitated person as would be entitled to succeed him *ab intestato;* and in their absence or if they are not qualified, or if the person is a raving maniac, the district attorney may petition for such declaration. It appears from the Code that this is only a preliminary step to the adjudication of incapacity, and once such adjudication is made, the function and intervention of the district attorney, far from being usual and constant, is occasional and rare. After the decree has been obtained, the court appoints a guardian who acts for the insane or demented person or deaf-mute. If the district attorney intervened in the present proceedings, he did so without any legal basis for his intervention, which was redundant.

The second ground of appeal urged is that the guardian could not appeal without leave of court. We hold that under section 282 of the Civil Code (sec. 212, 1930 ed.), no judicial authorization is required for a guardian to take an appeal, but only to maintain the same. In this respect she has such authorization and has proved the same.

The third ground is that the appeal was not timely taken.

The order complained of was dated March 25, 1931, and notice thereof was served upon the parties on that day. The appeal was taken on April 24 of the same year. The appellee maintains that if the order was appealable, the appeal must be governed by subdivision 3 of section 295 of the Code of Civil Procedure, which prescribes the period of ten days for taking an appeal. We are cited to the case of *Lucero et al.* v. *Heirs of Vilá,* 17 P.R.R. 157, in which it was

held that an order rendered after final judgment directing the payment of a pension by way of temporary support is a special order and an appeal therefrom must be taken within the period of ten days.

The appellant meets this contention by arguing that the decision involved in the present case is in the nature of a judgment, since it is final and conclusive; that recovery for professional services must be sought through an ordinary action in accordance with the procedure prescribed in section 1473 of the Civil Code (1930 ed.), and hence the court in the instant case had no jurisdiction as recovery was sought through a motion; that what was really demanded in the motion was the fixing of the amount of the attorney's fees.

The ruling made in *Lucero et al.* v. *Heirs of Vilá, supra,* need not be regarded as decisive of the present controversy. The question involved in that case was an allowance for maintenance and support granted after a judgment had been rendered and pending an appeal. We have examined the record of the case cited, Civil No. 369 of this Court, from which it appears that in an action of filiation prosecuted by Carmen, Lucía, and José Lucero, minors, against the heirs of José Vilá Soler, and more than a year after judgment had been rendered and pending an appeal from such judgment, said minors applied to the district court to grant them an allowance for maintenance and support; and the court, after the case had been finally heard, entered an order allowing the parties thirty dollars monthly. It was perfectly clear that there was involved a special order made after judgment.

In the instant case the appellant contends that no final judgment serving as a basis exists. It seems that there is only the appointment of a former guardian and the one now in force in favor of María del Carmen del Moral, and it can therefore be argued that there is lacking the first element mentioned in subdivision 3 of section 295 of the Code of Civil Procedure, i. e., a judgment subsequent to which there has been made the special order appealed from.

From an examination of this order in its essential nature and in its consequences, we are unable to conclude that it is a special order made "after a final judgment." According to section 188 of the Code of Civil Procedure, a judgment is a final determination of the rights of the parties in an action or proceeding. In *Torres et al.* v. *Mattei et al.*, 30 P.R.R. 310, the definition contained in said section 188 was reproduced and the following excerpted from 15 R.C.L. 569–570:

" 'A judgment', says R.C.L. 'is the law's last word in a judicial controversy. It may therefore be defined as the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it, in an action or proceeding. A more precise definition is that a judgment is the conclusion of the law upon the matters contained in the record, or the application of the law to the pleadings and to the facts, as found by the court or admitted by the parties, or deemed to exist upon their default in a course of judicial proceedings. It should be noted that that only is a judgment which is pronounced between the parties to an action upon the matters submitted to the court for decision.' "

This doctrine has been consistently upheld by this Court.

If the order appealed from is a final determination of the right of the attorney to recover his fees from the incapacitated person, and it is so understood by us, it is by its nature a judgment and appealable within thirty days from the service of notice thereof in conformity with the law.

We have been reminded of the case of *Correa* v. *District Court*, 40 P.R.R. 403, 404, where it was said:

"The order with which we are now concerned is not included among those which are appealable under section 295 of the Code of Civil Procedure."

Let us first acknowledge that we are not, nor claim to be, infallible. We are liable to commit errors. That this is so is shown by the proceedings for rehearing and the fact that our decisions are appealable. The language above quoted lacks full precision, and the concept was erroneous. But the

decision in that case was not based on said concept nor was it concerned with the appealable character of the order. The determination of the case rested on the following ground:

"We do not think that the compensation claim of attorney Font is governed by sections 327 and 339 of the Code of Civil Procedure. But the fees sought to be recovered by him constitute one of several items of expense chargeable to the guardianship of the incapacitated person and fall within the provisions of section 293 of the Civil Code, which reads as follows:

" 'The expense of rendering the accounts shall be borne by the minor or incapacitated person.'

"Undoubtedly the district court has general jurisdiction of the subject matter. We fail to find in its granting of the said fees within the guardianship proceedings, wherein the parties were fully heard, any violation of procedural rules or any excess of jurisdiction." 40 P.R.R. 405.

In the above case the party who sought a review by certiorari maintained up to the end that the order complained of was not appealable.

Subsequent to that decision and on a petition for certiorari filed in the case of *Maria del Carmen del Moral* v. *District Court of Mayagüez*, No. 767 of this Court, in which the facts alleged were the same as those of the present appeal, and an identical order was involved, we held as follows:

"As the Court is not convinced that the order of which the petitioner complains is not appealable, and entertaining some doubts as to whether the question involved is jurisdictional, the petition is hereby denied."

In view of that decision, it can not be maintained that the paragraph transcribed from the opinion in *Correa* v. *District Court, supra,* has any influence upon the instant case.

The motion to dismiss is denied.